IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 FEB 26 A 11 5:

CLERK
SO. DIST. OF GA.

LARRY JACKSON,

    Petitioner,

vs.

UNITED STATES PAROLE
COMMISSION, and UNITED
STATES DEPARTMENT OF
JUSTICE,

    Respondents.

CIVIL ACTION NO.: CV212-166

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Larry Jackson ("Jackson"), who is currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1651. The Government filed a Response. For the reasons which follow, Jackson's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Jackson was sentenced in 1982 to 45 years' imprisonment for RICO violations, possession with intent to distribute marijuana, tax evasion, and filing false tax returns. Jackson's sentence was modified in 1989 to 30 years' imprisonment, followed by two (2) years of special parole. Jackson was paroled in 1991, and his parole was revoked in June 1993 after he violated the terms of his supervision. Jackson was paroled again in July 1993. Jackson's parole was revoked in 2001 after he violated the conditions of his supervision. Jackson once again was paroled in February 2002. In June 2007, the

AO 72A
(Rev. 8/82)

United States Parole Commission terminated the remaining period of Jackson's parole, and Jackson began his two (2) year term of special parole. (Doc. No. 18-20, pp. 4-5).

In 2008, Jackson was charged with one count each of: conspiracy to manufacture 1,000 or more marijuana plants, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm, in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Jackson entered an agreement with the United States and pleaded guilty to a lesser included offense of the conspiracy charge (50 or more plants instead of 1,000). The Honorable J. Randal Hall sentenced Jackson to 60 months' imprisonment, to be served concurrently to any term of imprisonment which may have been imposed upon revocation of Jackson's special parole term. The Parole Commission issued a warrant on February 9, 2009, based on Jackson's criminal activities, which later was lodged as a detainer. (Doc. Nos. 18-21, 18-22, and 18-23).

In this petition, Jackson asserts that the Parole Commission's detainer against him should be dismissed because no disposition review occurred within 180 days of the issuance of the detainer.

Respondents assert that Jackson is correct that he was to have a dispositional review within 180 days of the detainer's issuance. Respondents also assert that, if this review does not occur, the proper remedy is a request for a writ of mandamus. However, Respondents contend that the Parole Commission has withdrawn its detainer, which moots Jackson's petition.

## DISCUSSION AND CITATION TO AUTHORITY

Under Article III of the Constitution, federal courts may only hear "cases or controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). "A [claim] is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." See Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993). A claim can still be considered if a court lacks "assurance that there is no reasonable expectation that the alleged violation will recur," or, as it is commonly stated, the situation is "capable of repetition, yet evading review[.]" DiMaio v. Democratic Nat'l Committee, 555 F.3d 1343, 1345 (11th Cir. 2009); Turner v. Rogers, ___ U.S. ___, 131 S. Ct. 2507, 2515 (June 20, 2011). "To qualify for the exception, two elements must be simultaneously present: '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" Prim v. First Circuit Court of Escambia Cnty., Fla., No. 3:08cv446/RV/EMT, 2009 WL 1873786, at *2 (N.D. Fla. June 26, 2009) (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982)). "[T]here must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." Id. (internal citation omitted).

In this case, the United States Parole Commission issued a Notice of Action on January 14, 2013. (Doc. No. 18-24). Through this Notice, the Parole Commission ordered that its warrant of February 9, 2009, which was later made a detainer, be withdrawn upon the full execution of Jackson's current sentence. The warrant will be reissued only if Jackson's sentence is vacated or modified. (Id.).

3

AO 72A
(Rev. 8/82)

Because the detainer against Jackson has been withdrawn, his contention that the Parole Commission did not conduct a dispositional review within 180 days of the issuance of the detainer is moot. The undersigned notes the condition that the warrant and detainer will be reissued if Jackson's sentence is vacated or modified. However, this Court has denied this requested relief on a previous occasion. (Case No. CV212-154, Doc. Nos. 10, 16, 18). There is nothing before the Court which indicates that Jackson's sentence, which is currently set to be satisfied, via good conduct time credit, on December 18, 2013, (Doc. No. 18-3, p. 3), will be vacated or modified in any way. Thus, Jackson has not demonstrated a probability that the Parole Commission will lodge another detainer against him or that the Parole Commission will not conduct a dispositional review within 180 days of that issuance. Jackson has not shown he meets the "capable of repetition" exception.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Jackson's petition for writ of mandamus, filed pursuant to 28 U.S.C. § 1651, be **DISMISSED** as moot.

**SO REPORTED** and **RECOMMENDED**, this 26th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE